IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHAVEZ A. WATERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | C.A. No. 22-1175 (MN) |
| ) | |
| KOLAWOLE AKINBAYO, Warden, and ) | |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF DELAWARE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM ORDER**

At Wilmington, this 25th day of October 2022;

I. **BACKGROUND**

Presently pending before the Court is the Petition of Chavez A. Waters ("Petitioner") for a Writ of Habeas Corpus. (D.I. 1). Petitioner appears to be a pre-trial detainee at the Howard R. Young Correctional Institution located in Wilmington, Delaware. Petitioner asserts that he was arrested on August 21, 2021 and indicted on nine counts on May 9, 2022, but has not yet been arraigned. (D.I. 1 at 2). He states that "bail was set at $10,000 cash, $64,600 secured and $75,000 cash." (*Id.*). Petitioner alleges that his Sixth Amendment right to a speedy trial has been violated and asks for "his immediate release from custody." (*See id*. at 2-3). Because Petitioner is challenging his pre-trial custody, the Court construes the Petition to be filed under 28 U.S.C. § 2241.

II. **LEGAL STANDARDS**

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. As a general rule, a federal district court can only entertain a habeas

petition on behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254.  Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial claims if the petitioner is trying to abort his state criminal proceeding, because such adjudication would constitute premature litigation of constitutional defenses in federal court.  *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975)*; Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

### III.     DISCUSSION

After reviewing the Petition, the Court concludes that relief is not warranted.  First, it is clear from the face of the Petition that Petitioner is not in custody pursuant to a state court judgment, because he has not yet undergone his state criminal trial on the charges for which he was arrested.  Second, to the extent Petitioner is asking the Court to grant his "immediate release" from custody, he is improperly attempting to abort a state criminal proceeding.  Third, to the extent the Court should liberally construe the Petition as alleging that Petitioner's bail is excessive, it appears that Petitioner has not exhausted his state remedies with respect to his bail issue.  In addition, nothing in the Petition demonstrates extraordinary circumstances justifying the Court's interference with a pending state court proceeding without Petitioner having first exhausted state

remedies.  *See Moore*, 515 F.2d at 443.  Accordingly, the Court will summarily dismiss the instant Petition.

       THEREFORE, IT IS HEREBY ORDERED that:

       1.     Petitioner Chavez A. Waters' Petition for Writ of Habeas Corpus is **DISMISSED without prejudice.**

       2.     The Court declines to issue a certificate of appealability because Petitioner has failed to satisfy the standards set forth in 28 U.S.C. § 2253(c)(2).

       3.     The Clerk shall send a copy of this Memorandum Order to Petitioner at his address on record and close this case.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge